NO. 07-10-0338-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 26, 2011

_____

GARY DEAN POSEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,421-E; HONORABLE DOUGLAS R. WOODBURN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Gary Dean Posey was convicted after a jury trial for possessing a controlled substance in a drug free zone. He was then sentenced to fifty years in prison.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he concluded that the appeal is without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there

_____

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

is no reversible error and of appellant's right to file a response or brief *pro se.*[2]  By letter dated March 7, 2011, this court also notified appellant of his right to tender his own brief or response.  After requesting and receiving an extension of time to do so, appellant's response was filed on May 16, 2011.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas for appeal.  They involve 1) a motion for speedy trial, 2) a motion to suppress the evidence, 3) a venire member being excused for cause, 4) objections to the evidence, 5) appellant's motion for instructed verdict based on care, custody, control, or management of the controlled substance and the lack of affirmative links, and 6) appellant's request for a clarification to the jury charge.  However, appellate counsel explained why each argument lacks merit.

Appellant also raised several issues in his response including 1) his lack of effective assistance of counsel, 2) his lack of a speedy trial, and 3) the motion to suppress.  The latter two issues were adequately discussed by appellate counsel and, without evidence in the record as to the reasons for trial counsel's actions, the ineffective assistance of counsel claims are without support.  *Ex parte Niswanger,* No. AP-76,302, 2011 Tex. Crim. App. LEXIS 390, at *9-10 (Tex. Crim. App. March 16, 2011).

We also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).  That review has failed to reveal reversible error.

---

[2]Appellant also has a right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals upon this court affirming his conviction.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


                        Brian Quinn
                        Chief Justice


Do not publish.